

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 30, 2005

Peter C. Horstmann, Esq.
Partridge, Ankner & Horstmann, LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116

> Re: United States v. James Stewart, a/k/a
>      James Stewart, Jr., a/k/a James L. Stewart
>      Criminal No. 05-10062-WGY

Dear Mr. Horstmann:

This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, James Stewart, a/k/a James Stewart,
Jr., a/k/a James L. Stewart ("Defendant"), in the above-caption
case.  The Agreement is as follows:

1. Change of Plea

At the earliest practicable date but in no event later tha
September 30, 2005, Defendant shall plead guilty to all counts
which he is named in the above-captioned Indictment.  Defendant
expressly and unequivocally admits that he in fact knowingly,
intentionally and willfully committed the crime charged in Coun
One of the Indictment, and is in fact guilty of the charged
offense.

2. Penalties

Defendant faces the following maximum penalties on Count O
of the Indictment -- Theft of Public Money, Property or Records

a) ten years imprisonment;

b)    three years' supervised release;

c)    a fine of $250,000; and

d)    a $100 mandatory special assessment.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum [and mandatory minimum] penalties set forth above, and the provisions of the Sentencing Reform Act and the United Stat Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the senten the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth 18 U.S.C. §3553(a).

The U.S. Attorney will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines with regard to offense conduct and adjustments thereto:

a)    U.S.S.G. § 2B1.1(a) is the applicable sentencing guideline provision and calls for an initial base offense level ("BOL") of 6; and

b)    U.S.S.G. § 2B1.1(b)(1)(D) is applicable for a loss amount of $30,059, requiring an increase in the BOL o 6.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise changes after his indictmen in this case. Thus, for example, the government may contend tha an upward departure under § 4A1.3 is appropriate if a state-cou conviction that existed at the time of Defendant's indictment i vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two level

2

Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendan :

> (a)  Fails to admit a complete factual basis for the plea;
>
> (b)  Fails to truthfully admit his conduct in the offenses of conviction;
>
> (c)  Falsely denies, or frivolously contests, relevan conduct for which Defendant is accountable unde: U.S.S.G. § 1B1.3;
>
> (d)  Fails to provide truthful information about his financial status;
>
> (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct fo which Defendant is accountable under U.S.S.G. § 1B1.3;
>
> (f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1
>
> (g)  Intentionally fails to appear in Court or violat any condition of release;
>
> (h)  Commits a crime;
>
> (i)  Transfers any asset protected under any provisio of this Agreement; and/or
>
> (j)  Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw h: plea of guilty if, for any of the reasons listed above, the U.S Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility

3

adjustment, the Government may seek an upward adjustment pursu
to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date
this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following senten
before the District Court:

> (a) a period of probation if Defendant's guideline
>     sentencing range falls within Zones A or B, to
>     include a home detention or a halfway house
>     commitment condition if it falls within Zone B,
>     and a split sentence if Defendant's range falls
>     within Zone C;
>
> (b) a low-end guideline fine [unless the court finds
>     that Defendant is not able and, even with the us
>     of a reasonable installment schedule, is not
>     likely to become able to pay a fine];
>
> (c) restitution in the amount of $30,059;
>
> (d) mandatory special assessment of $100; and
>
> (f) two years of supervised release if Defendant's
>     guideline sentencing range falls within Zones B
>     C.

Defendant reserves his right to argue for a downward
departure and agrees to provide the U.S. Attorney at least
twenty-one (21) days written notice prior to sentencing of any
grounds to be advanced at sentencing in support of any motion f
a downward departure from the otherwise applicable advisory
guideline sentencing range.  The U.S. Attorney reserves the rig
to oppose any such departure motion.

Defendant agrees that he will provide to the U.S. Attorney
expert reports, motions, memoranda of law and documentation of
any kind on which he intends to rely at sentencing not later th
twenty-one (21) days before sentencing.  Any basis for sentenci
with respect to which all expert reports, motions, memoranda of
law and documentation have not been provided to the U.S. Attorn
at least twenty-one days before sentencing shall be deemed
waived.

4

In the event of an appeal from, or collateral challenge t
Defendant's sentence, the U.S. Attorney reserves his right to
argue the correctness of Defendant's sentence and the manner i
which the District Court determines it.

### 5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment
the Clerk of the Court on or before the date of sentencing,
unless Defendant establishes to the satisfaction of the Court
that Defendant is financially unable to do so.

### 6.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and the
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Defendant faces under the
applicable law, the sentence to be imposed is within the sole
discretion of the sentencing judge. Defendant's plea will be
tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant n
not withdraw his plea of guilty regardless of what sentence is
imposed. Nor may Defendant withdraw his plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties. In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendation
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

### 7.   Information For Presentence Report

Defendant agrees to provide all information requested by t
U.S. Probation Office concerning his assets.

### 8.   Civil Liability

By entering into this Agreement, the U.S. Attorney does no
compromise any civil liability, including but not limited to an
tax liability, which Defendant may have incurred or may incur a
a result of his conduct and his plea of guilty to the charges
specified in paragraph one of this Agreement.

### 9.   Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Cour

5

for whatever reason, or later be withdrawn on motion of
Defendant, this Agreement shall be null and void at the option  f
the U.S. Attorney.

## 10.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed  ›
comply with any provision of this Agreement, has violated any
condition of his pretrial release, or has committed any crime
following his execution of this Agreement, the U.S. Attorney m
at his sole option, be released from his commitments under thi:
Agreement in their entirety by notifying Defendant, through
counsel or otherwise, in writing.  The U.S. Attorney may also
pursue all remedies available to him under the law, irrespectiv
of whether he elects to be released from his commitments under
this Agreement.  Further, the U.S. Attorney may pursue any and
all charges which have been, or are to be, dismissed pursuant t
this Agreement.  Defendant recognizes that no such breach by hi
of an obligation under this Agreement shall give rise to ground
for withdrawal of his guilty plea.  Defendant understands that,
should he breach any provision of this agreement, the U.S.
Attorney will have the right to use against Defendant before ar
grand jury, at any trial or hearing, or for sentencing purposes
any statements which may be made by him, and any information,
materials, documents or objects which may be provided by him tc
the government subsequent to this Agreement, without any
limitation.  In this regard, Defendant hereby waives any defens
to any charges which he might otherwise have under any statute
limitations or the Speedy Trial Act.

## 11.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, sta
or local prosecutive authorities.

## 12.  Complete Agreement

This letter contains the complete and only agreement betwe
the parties relating to the disposition of this case.  No
promises, representations or agreements have been made other th
those set forth in this letter.  This Agreement supersedes prio
understandings, if any, of the parties, whether written or oral
This Agreement can be modified or supplemented only in a writter
memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between tl

6

U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.   Return the original of this letter to Assistant U.S.
Attorney Antoinette E.M. Leoney.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

LAURA KAPLAN
Section Chief

ANTOINETTE E.M. LEONEY
AUSA
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it
with my attorney.  I hereby acknowledge that it fully sets fort
my agreement with the United States Attorney's Office for the
District of Massachusetts.  I further state that no additional
promises or representations have been made to me by any officia
of the United States in connection with this matter. I understa
the crimes to which I have agreed to plead guilty, the maximum
penalties for those offenses and Sentencing Guideline penalties
potentially applicable to them.  I am satisfied with the legal
representation provided to me by my attorney.  We have had
sufficient time to meet and discuss my case.  We have discussed
the charges against me, possible defenses I might have, the ter
of this Plea Agreement and whether I should go to trial.  I am
entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guil
and I believe this Agreement is in my best interest.

_____

JAMES STEWART
Defendant
Date: _____

7

I certify that Defendant's Name has read this Agreement a
that we have discussed its meaning.  I believe he understands    e
Agreement and is entering into the Agreement freely, voluntari
and knowingly.

PETER C. HORSTMANN, Esq.
Attorney for Defendant

Date: 9/26/05

8