UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) ) ) | |
| v. | ) ) | CASE NO. 05CR 10062-WGY |
| JAMES STEWART | ) ) ) | |

## DEFENDANT'S REVISED MOTION FOR DOWNWARD DEPARTURE

NOW COMES the Defendant, James Stewart, through counsel, and respectfully moves this Honorable Court for a downward departure from the otherwise applicable guideline range.[1] At the outset, the Court is advised that the Defendant seeks a relatively minor downward departure of two levels to Zone A to permit him to serve a probationary sentence. In support thereof, counsel states the following:

1. Mr. Stewart is entitled to a departure based upon "super" acceptance of responsibility because he admitted his conduct long before his indictment in this case and entered in to a contractual agreement to repay the Government before a criminal investigation was initiated. *United States v. Davis*, 797 F.Supp. 672, 677 (N.D.Ind. 1992)(Defendant's pre-indictment repayment of restitution warranted 8 level departure).

2. [After consultation with the Government, this argument is withdrawn.]

3. The Defendant is entitled to a departure because the Guideline range for the loss attributed to him is extremely close to the next lowest range. These situations have been referred to as "straddle" offenses or calculations by other courts. The Defendant's case implicates

---

[1] It is not clear to the undersigned counsel, in light of *Booker v. United States*, 543 U.S. 220 (2005); 125 S.Ct. 738, whether a formal Motion for Downward Departure is still required given the advisory status of the Guidelines. However, in an abundance of caution and for the purpose of notifying the Government of intended sentencing arguments, I am filing the instant motion on behalf of Mr. Stewart.

another two categories of "straddle" offenses because (1) the crime of conviction occurred during a period of time in which the Guidelines were amended to delete § 2F1.1 and (2) the loss amount barely exceeds the $30,000.00 level imposed by § 2B1.1. Over one half of the illegal payments received by the Defendant were received prior to November 1, 2001. Section 2F1.1 was deleted in November, 2001, in favor of § 2B1.1. Pursuant to § 2F1.1, the Defendant's Base Offense Level would have been 9 without a reduction for acceptance of responsibility. This would have placed the defendant squarely in Zone A with acceptance of responsibility. Similarly, under § 2B1.1, if the Defendant's loss was $29,999.00 instead of $30,059.00, he would be squarely in Zone A.

4. Mr. Stewart's conviction constitutes "aberrant behavior" entitling him to a departure from the applicable sentencing guidelines. *United States v. Pozzy*, 902 F.2d 133, 137-138 (1st Cir. 1990); citing *United States v. Russell*, 870 F.2d 18 (1st Cir. 1989).

5. A combination of the above factors may constitute a separate basis for departure. *Koon v. United States*, 518 U.S. 81, 113-14 (1996); *United States v. Sklar*, 920 F.2d 107, 117 (1st Cir. 1990).

6. The Defendant will supplement the instant motion in his Sentencing Memorandum, which will be filed at a later date.

WHEREFORE, based upon the foregoing arguments and authorities, this Honorable Court is respectfully urged to depart downward from any sentence determined under the Sentencing Guidelines.

                Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 8th day of December, 2005, a copy of the foregoing DEFENDANT'S REVISED MOTION FOR DOWNWARD DEPARTURE was served electronically upon Antoinette E.M. Leoney, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210 and Jo Lyness, U.S. Probation Officer, Probation and Parole Department, 1 Courthouse Way, Suite 1200, Boston, MA 02210-3027.

Peter Charles Horstmann