UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES            )
                         )
v.                       )
                         )
                         )   Criminal No.: 005-10062-WGY
James Stewart,           )
                         )
    Defendant.         )
_____ )

## DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES the Defendant, James Stewart, through counsel, and hereby submits the instant Sentencing Memorandum.

## I. STANDARD OF REVIEW

In *United States v. Booker*, 125 S.Ct. 738, 756, 764-65 (2005), the United States Supreme Court held that the Sentencing Guidelines, which have controlled sentencing in federal court for the last eighteen years, are unconstitutional, but severed the unconstitutional portion of the Sentencing Guidelines from the Federal Sentencing Act thereby rendering the Sentencing Guidelines as advisory. In *Booker*, Justice Breyer concluded that "[w]ithout the mandatory provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals." Id. at 764 *citing* 18 U.S.CA. § 3553(a)(supp. 2004). Therefore, the mandatory application of the Guidelines is error if based on judge-found facts, or if based on jury-found facts. *United States v. Crosby*, 397 F.3d 103, 114-15 (2nd Cir. 2005). Alternatively, the Supreme Court announced a "reasonableness" standard. *Booker,* at 765. As a result the First Circuit has

1

recognized that the district court has considerable leeway to impose a sentence that falls outside of the range suggested by the Guidelines.  *United States v. Robinson*, Opinion No. 05-1547 December 23, 2005, p.7.

Thus, *Booker* requires a sentencing judge to consider all of the § 3553(a) factors including the Guidelines, but did not require the Court to give any more or less weight to the Guidelines than any other factors.  This has been referred to the "parsimony principle", the statutory instruction in § 3553(a) that the Court impose a sentence which is "sufficient, but not greater than necessary" to accomplish sentencing purposes.

The Defendant has previously moved this Court for a downward departure from the Sentencing Guidelines based upon several issues.  The instant memorandum addresses some of these issues and relies upon the authorities cited in his Motion as to all issues raised.  However, it is respectfully submitted that any departure argument which does not meet the previous Guideline standards, may be further considered by the Court in imposing a sentence under § 3553(a).

## II. <u>ARGUMENT</u>

**A.    INTRODUCTION**

It is in this vast ocean of sentencing uncertainty that the Defendant's conviction now drifts.  However, every sentencing factor other than the Guideline calculation adopted by Probation mitigates in favor of leniency for the Defendant.  The Defendant is 58 years old, physically impaired and has no criminal convictions since 1982, and no record of felony convictions since 1975.  The Probation Department has correctly determined that the Defendant's Guideline Sentence falls squarely within Zone B of the

Sentencing Table which permits the Court to sentence the Defendant to any combination of imprisonment, community confinement, home detention and probation pursuant to the schedule in §5C1.1(e).  Obviously, the Defendant seeks the lesser alternative available to the Court of home confinement as a condition of probation.  The Defendant makes the following departure arguments for the purpose of not only assuring the Court that Mr. Stewart is deserving of this lesser alternative Zone B sentence, but could be sentenced within Zone A as well which would permit the Court to sentence him to a probationary term without conditions of home detention or community confinement.  Once again, even if the Court is not persuaded that these arguments warrant a departure from the Guideline range, the Court must consider them for purposes of formulating a just and fair sentence pursuant to § 3553(a).

**B.     THE DEFENDANT'S GUIDELINE CALCULATION FOR LOSS FALLS SQUARELY BETWEEN TWO GUIDELINE RANGES UNDER § 2B1.1 AND THE OFFENSE CONDUCT FALLS SQUARELY BETWEEN TWO DIFFERENT VERSIONS OF THE SENTENCING GUIDELINES**

The Defendant is entitled to a departure because the Guideline range for the loss attributed to him ($30,059.00) is extremely close to the next lowest range ($29,999.99). These situations have been referred to generally as "straddle" offenses or calculations by other courts.  Here, the loss amount barely exceeds the $30,000.00 level imposed by § 2B1.1.  Under § 2B1.1, if the Defendant's loss was $29,999.99 instead of $30,059.00, his Base Offense Level would be 8 instead of 10 and he would be squarely within Zone A of

the Sentencing Table. The notion the $59.01 buys a defendant not one but two additional levels and an additional term of imprisonment of up to 12 months is patently unfair and unjust. This untenable situation may be remedied by the Court either as a departure or under § 3553(a).

The Defendant's case actually implicates another category of "straddle" offenses because the crime of conviction occurred during a period of time in which the Guidelines were amended to delete § 2F1.1 and over one half of the illegal payments received by the Defendant were received prior to November 1, 2001. Section 2F1.1 was deleted in November, 2001, in favor of § 2B1.1. Pursuant to § 2F1.1, the Defendant's Base Offense Level would have been 9 without a reduction for acceptance of responsibility. This would have placed the defendant squarely in Zone A with acceptance of responsibility.

C.  **THE DEFENDANT'S PRE-INDICTMENT AGREEMENT TO REPAY A PORTION OF THE LOSS AMOUNTS TO SUPER-ACCEPTANCE OF RESPONSIBILITY**

The Probation Department correctly assessed the Defendant with a two level reduction for acceptance of responsibility. However, this reduction fails to adequately reward the Defendant for his acceptance of responsibility in this case. Mr. Stewart is entitled to a departure based upon "super" acceptance of responsibility because he admitted his conduct long before his Indictment in this case and entered in to a contractual agreement to repay the Government before a criminal investigation was

4

initiated. *United States v. Davis*, 797 F.Supp. 672, 677 (N.D.Ind. 1992)(Defendant's pre-indictment repayment of restitution warranted 8 level departure). Here, the Defendant did not repay the full amount, but has agreed to do so and has agreed to have funds deducted from his monthly Social Security checks. The Defendant is also not seeking an 8 level reduction as was awarded in *Davis*. A one level reduction will serve to place the Defendant in Zone A.

D. **THE OFFENSE OF CONVICTION CONSTITUTES ABERRANT BEHAVIOR**

Mr. Stewart's conviction constitutes "aberrant behavior" entitling him to a departure from the applicable sentencing guidelines. *United States v. Pozzy*, 902 F.2d 133, 137-138 (1st Cir. 1990); citing *United States v. Russell*, 870 F.2d 18 (1st Cir. 1989).

E. **A COMBINATION OF THE FORGOING FACTORS JUSTIFIES A REDUCED SENTENCE**

It is respectfully submitted that any combination of the above factors may constitute a separate basis for departure. *Koon v. United States*, 518 U.S. 81, 113-14 (1996); *United States v. Sklar*, 920 F.2d 107, 117 (1st Cir. 1990).

### III. CONCLUSION

Based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to impose a sentence of probation. Alternatively, the Defendant requests that the Court impose a sentence of probation with conditions of home confinement.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

### CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 3rd day of January, 2006, a copy of the foregoing DEFENDANT'S SENTENCING MEMORANDUM was served electronically upon Antoinette Leoney, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire