```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
            v.                )    Criminal No. 05-10062-WGY
                              )
JAMES STEWART,                )
A/K/A JAMES STEWART, JR.,     )
A/K/A JAMES L. STEWART,       )
                              )
            Defendant.        )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
MODIFY CONDITIONS OF PROBATION TO PRECLUDE PROBATION
<u>DEPARTMENT FROM OBTAINING DNA SAMPLE</u>**

Defendant James Stewart, who is on probation after being convicted of theft of public money, property or records (namely, social security disability funds), in violation of 18 U.S.C. §641, is refusing to comply with a federal law (42 U.S.C. §14135a) known as the DNA Analysis Backlog Elimination Act of 2000 (amended October 30, 2004), and has filed a motion to modify conditions of probation to preclude the U.S. Probation Department from obtaining a DNA sample. This refusal to comply constitutes a Class A misdemeanor offense (*See* 42 U.S.C. §14135a(5)(A)) and, therefore, is a violation of his terms of probation.

Defendant Stewart is refusing to submit a blood sample [namely, a finger prick sample] to the U.S. Probation Department as required by federal law based upon his mistaken belief that an extraction of a DNA sample from him violates the Fourth Amendment's prohibition against unreasonable searches and seizures. All of the appellate cases decided to date have

rejected the arguments now being made by Stewart.  Johnson v. Quander, 440 F.3d 489 (D.C. Cir. 2006); Nicholas v. Gourd, 430 F.3d 652 (2nd Cir. 2005); United States v. Sczubelek, 402 F.3d 175 (3rd Cir. 2005); Padgett v. Donald, 401 F.3d 1273 (11th Cir.), cert. denied, 126 S.Ct. 352 (2005); United States v. Kincade, 379 F.3d 813 (9th Cir. 2004)(en banc), cert. denied , 544 U.S. 924 (2005); Green v. Berge, 354 F.3d 675 (7th Cir. 2004); Groceman v. U.S. Dep't of Justice, 354 F.3d 411 (5th Cir. 2004)(per curiam); United States v. Kimler, 335 F.3d 1132 (10th  Cir. 2003); Jones v. Murray, 962 F.2d 302 (4th Cir. 1992).  Thus, Stewart is urging this Court to ignore a federal law based upon arguments which have already been addressed and rejected by nine (9) different appellate courts (Second Circuit, Third Circuit, Fourth Circuit, Fifth Circuit, Seventh Circuit, Ninth Circuit, Tenth Circuit, Eleventh Circuit and D.C. Circuit).

Stewart's refusal to comply is apparently based upon a recent district court opinion issued by the Honorable Robert E. Keeton on February 27, 2006 in United States v. Leo Weikert, Jr., Crim. No. 99-10299-REK.  In light of the existing appellate case law cited above, the government respectfully submits that the Weikert opinion was wrongly decided.  The government is currently appealing the Weikert decision to the First Circuit.  Moreover, it should be noted that at least two other District Court judges in Massachusetts have ruled contrary to Judge Keeton and in

accord with the existing appellate case[1]

The government would respectfully urge this Court to join all of the appellate courts cited above in concluding that the Fourth Amendment is not violated by the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. §14135a).  Accordingly, Defendant Stewart's motion to modify conditions of probation to preclude the U.S. Probation Department from obtaining a DNA sample should be denied and the Court should schedule a hearing to show cause as to why Stewart's probation should not now be revoked based upon his conduct in this matter which constitutes a misdemeanor offense.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                         By:

                                       /s/Antoinette E.M. Leoney
                                      ANTOINETTE E.M. LEONEY
                                      Assistant U.S. Attorney

Dated: September 26, 2006


### CERTIFICATE OF SERVICE

Suffolk, ss.                                  Boston, Massachusetts
                                            September 26, 2006

I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do hereby certify that I have this day caused a copy of the

---

[1] The Honorable Patti B. Saris on April 6, 2005 in <u>United States v. Erik Orman</u>, Crim. No. 02-10268-PBS, and the Honorable Edward F. Harrington on April 12, 2006 in <u>United States v. James Florence</u> , Crim. No. 97-10013-EFH.  However, Judge Gertner followed Judge Keeton's rationale and refused to order DNA testing on May 31, 2006 in <u>United States v. Milo</u>, Crim. No. 04-10054-NG.

foregoing to be served by electronic court filing on counsel for the defendant in this case.

                                                             /s/Antoinette E.M. Leoney
                                                           ANTOINETTE E.M. LEONEY
                                                           Assistant U.S. Attorney